UNITED STATES DISRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| GATEWAY STUDIOS, LLC,            ) | |
|     Plaintiff,            ) | |
|                 ) | |
| vs.            ) | Civil Action No. 07- |
|                 ) | Equitable Relief Sought |
| MBA ENTERPRISES-2, INC., and            ) | Demand for Jury Trial |
| RAHMATHULLAH ARIFF,            ) | |
|     Defendants.            ) | |

## **COMPLAINT**

This is a civil action brought against the Defendants MBA Enterprises-2, Inc., an Illinois Corporation and Rahmathullah Ariff, by Gateway Studios, LLC, a Nevada LLC, authorized to do business in Illinois, alleging a cause of action for common law fraud and fraud in the inducement relating to a certain Lease with option to purchase a real property in Champaign County, Illinois. Plaintiff requests money damages including attorney's fees and costs proximately resulting from the fraud, and asks for additional equitable relief to protect its option and interest in the real property as follows:

COUNT I

**JURISDICTION AND VENUE**

1. This court has jurisdiction of the subject matter of this action pursuant to the diversity jurisdiction of this court under 28 USC §1322(a)(1).

2. The amount in controversy greatly exceeds $100,000.00;

3. At all relevant times plaintiff was a Nevada LLC and Defendant MBA Enterprises-2, Inc. was an Illinois corporation, residing and doing business in Illinois and owning the real estate in Illinois, and the individual Defendant Rahmathullah Ariff residing in Vermilion County, Illinois;

4. In approximately February, 2006, plaintiff, through its agents, began investigating rental with an option to purchase of certain premises described in attached Exhibit A, and as part of their due diligence and investigation of the condition of said premises, visually inspected and asked questions of defendants concerning the heating and cooling system.

5. At that time the air conditioning was on and functioning and because of that it was not possible to test the hot water heating system, which by its nature had to be shut down while the air conditioning was on and using the same pipes;

6. The above-described investigation disclosed no substantial problems with the heating system;

7. Plaintiffs also, as part of their due diligence, examined the premises for signs of leakage from the roof and asked defendants' corporation through its agents whether or not there were any problems with the roof and no problems were disclosed or visible;

8. Based upon the foregoing investigation and a financial analysis of the business to determine feasibility of remodeling and converting premises from a motel to a long term stay hotel, plaintiff signed the attached Lease Agreement with option to purchase which is Exhibit A to this Complaint;

9. Unknown to plaintiff, at the time of the investigation the heating system was not in fact functioning but was instead at or near failure and not reasonably functional for the following reasons:

    A. The hot water pipe was substantially rotted out;

    B. Heat exchange units were disconnected and non-functional;

10. Plaintiffs were not able to reasonably discover the aforedescribed deficiencies in the hot water system for the following reasons:

    A.    During the tour of the rooms conducted by defendants for the benefit of plaintiff a room for which examination by plaintiffs would have disclosed the condition of the pipes by virtue of broken out walls and inadequately patched plumbing was declared to be locked and unavailable because of an allegedly non-operating electronic lock, when said lock was actually functional and simply needed power to be actuated.

    B.    A guttering system was in place in a room which system collected water dripping from a corroded heating pipe and delivered that water to an out-of-sight drain so the leak would not be apparent on reasonable inspection;

    C.    Pipes were disconnected from the inside of a main heat exchanger/blower in such a way that an inspection of the blower made it appear to be attached to the plumbing and to be functional;

    D.    Plaintiff's agents were told on numerous occasions by defendants that the heating system was fully operational;

11.    In addition to the problems listed above with regard to the hot water heating system, the roof drainage system was substantially deficient in that the roof drains had been sealed several feet below the roof with concrete or a concrete-like substance so that water would not drain out off the roof but would instead pool on the roof and penetrate the building;

12.    The aforedisclosed problem with regard to the roof was not reasonably discoverable by the plaintiffs because:

    A.    Damaged and stained ceiling tile inside had been painted and/or replaced;

  B. Between the roof and the ceiling an elaborate system of gutters had been put in place for the purpose of catching water dripping through the roof and draining it away to an unobtrusive drain in the building;

13. Each and every action taken by the defendants as set out previously in paragraphs 7 and 9 was done intentionally for the purpose of allowing the facility to function just long enough for execution of the Lease and Option and to deceive plaintiffs and other prospective buyers;

14. The aforedescribed actions of the defendants were done for the purpose of and did in fact induce plaintiffs to sign the Lease and Option to purchase;

15. Plaintiff was entitled to and did in fact rely on defendants' representations and concealments for the purpose of evaluating the property and entering into the Lease with Option;

16. The above fraud was orchestrated by Defendant Rahmathullah Ariff on his own behalf and as officer and agent of Defendant MBA Enterprises-2, Inc.;

17. Plaintiffs reliance on the aforedescribed intentional acts of Defendants resulted in damages as follows:

  A. Physical damage to the building from penetration by water from the roof and leakage of water from crumbling heating pipes;

  B. Plaintiff implemented a plan to repair the building where the above-described damage occurred to make that building ready to accept existing customers from other buildings on the premises, after which move the other buildings would be in turn repaired; but instead, the repairs and money spent by the plaintiff on said first building were for naught because of the subsequent and unknown damage caused by water infiltration and leakage;

      C.      Plaintiff lost income due to the non-availability of rooms reasonably thought available for lease to the public at the time of execution of the Lease and Option;

      D.      The value of the premises and thus the Option to purchase the premises is dramatically less than it appeared because of defendants' intentional actions;

18.    Each and every one of the aforedescribed acts of the defendants were done maliciously, intentionally and for the purpose of inducing plaintiff to enter into a contract to its detriment, and plaintiff should be awarded punitive damages and its costs, expenses and attorney's fees to deter defendants and others similarly situated from such actions in the future;

      WHEREFORE, plaintiff prays for damages in its favor and against the defendants in an amount greater than $500,000.00 and for punitive damages and attorney's fees.

## COUNT II

1-18.    Plaintiff incorporates each and every allegation of Count I in Count II hereof;

19.    At the time of filing this complaint the plaintiff has expended many thousands of dollars on the above-described premises will have to spend many thousands of dollars more and plaintiff has no expectation that the defendants have any assets other than the real estate on which plaintiff has an Option to purchase;

20.    The above-described real estate is a unique and valuable asset, despite its flaws, in which plaintiff has a substantial interest and substantial rights;

21.    In addition to monetary damages which may or may not be collectible from defendants, plaintiff is entitled to enforce its Option to purchase and also entitled to take as a credit any of its

damages as aforedescribed to be applied toward the Option so that plaintiff does not, in addition to its monetary damages, lose the real property itself.

WHEREFORE, plaintiff prays that in addition to other relief requested:

1. This court enter mandatory relief allowing plaintiffs a set-off for any legitimate damages due it against the Option price;

2. Defendants be enjoined from taking any action which would prejudice plaintiffs interest in the real property, including but not limited to any of the following:

   A. Mortgaging the real property;

   B. Selling the real property;

   C. Attempting to terminate the Option;

   D. Any other action which would become a cloud on the title or a detriment to the value of the real property;

## DEMAND FOR JURY

Plaintiff hereby demands trial by jury.

RESPECTFULLY SUBMITTED,

s/John F. Bramfeld
John F. Bramfeld 7276462
Attorney for Busey Bank
John F. Bramfeld Law Office
(217) 239-1920
Fax:  (217) 531-9090
E-mail:  jbramfeld@mcleodusa.net

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GATEWAY STUDIOS, LLC

**DEFENDANTS**
MBA ENTERPRISES-2, INC. and
RAHMATHULLAH ARIFF

(b) County of Residence of First Listed Plaintiff: **Champaign**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Vermilion**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John F. Bramfeld (217)239-1920
115 N. Neil Ste. 101, Champaign, IL

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28USC Section1322(a)(1)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 5-16-07
SIGNATURE OF ATTORNEY OF RECORD: /s/ John F. Bramfeld

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE