**E-FILED**
Wednesday, 05 September, 2007  02:52:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GATEWAY STUDIOS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 07-2097 |
| | ) | |
| v. | ) | |
| | ) | |
| MBA ENTERPRISES-2, INC., and | ) | |
| RAHMATHULLAH ARIFF, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The plaintiff, Gateway Studios, LLC ("Gateway"), has filed this complaint against the defendants pursuant to 28 U.S.C. § 1332.[1]  Gateway alleges that the amount in controversy greatly exceeds $100,000.  Gateway also alleges that it was at all relevant times a Nevada LLC, defendant MBA Enterprises-2, Inc. ("MBA") was an Illinois corporation, and defendant Rahmathullah Ariff ("Ariff") is an individual residing in Vermilion County, Illinois.

The defendants were served with the complaint, entered an appearance, and sought an extension of time to file an answer or other response.  They were to do so on or before July 16, 2007.

On August 15, 2007, Gateway filed a motion for entry of default and default judgment.  On September 4, 2007, the defendants filed a response in opposition to the motion, stating that their failure to file an answer was inadvertent.[2]  They also sought leave to file their answer, a counterclaim, and a third party claim.

Neither the complaint nor the proposed answer adequately addresses the threshold issue before the court – whether the court has subject matter jurisdiction over this case.  In fact, the jurisdictional summary is "transparently incomplete."  *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691, 692 (7th Cir. 2003).  Gateway is an LLC, and "limited liability

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states."  28 U.S.C. § 1332)(a)(1).

[2] It is unusual for a party to take twenty days after the adverse party's filing of a motion for entry of default to inform the court of an inadvertent failure to file an answer.  However, the court expects that the defendants' inadvertence will not be repeated.

companies are citizens of every state of which any member is a citizen." *Belleville*, 350 F.3d at 692.  Thus, the question becomes: "who are [Gateway's] members, and of what states are they citizens?" *Belleville*, 350 F.3d at 692.  The simple assertion that Gateway is a Nevada LLC, without more, is inadequate.

Compounding the error is that Gateway has not properly alleged Ariff's citizenship; it has alleged his residency.  *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (noting that residency and citizenship are not synonyms).

Consequently, the court orders the plaintiff to file, within fourteen days of the date of this order, an amended complaint containing a legally adequate jurisdictional summary with the name and citizenship of each of its members, and the citizenship of each defendant.  The defendants shall file their answer (as well as their counterclaim and third party claim) within five days thereafter.  No more extensions of time will be granted.

Because the pending motions are based on the original complaint, the motion for entry of default and default judgment [12] and the motion for leave to file an answer, counterclaim and third party claim [14] are denied as moot.

Entered this 5th day of September, 2007.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

2