UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| **GATEWAY STUDIOS, LLC.,** | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 07-2097 |
| **MBA ENTERPRISES-2, INC., AND RAHMATHULLAH ARIFF,** | ) |
| Defendants. | ) |

| | |
|---|---|
| **MBA ENTERPRISES-2, INC.,** | ) |
| Counter-Plaintiff, | ) |
| vs. | ) |
| **GATEWAY STUDIOS, LLC.,** | ) |
| Counter-Defendant. | ) |

| | |
|---|---|
| **MBA ENTERPRISES-2, INC.,** | ) |
| Third Party Plaintiff, | ) |
| vs. | ) |
| **RICHARD CHEROSKE,** | ) |
| Third Party Defendant. | ) |

**ANSWER OF RICHARD CHEROSKE
TO COUNT I OF THIRD PARTY ACTION FOR DAMAGES ON GUARANTY OF LEASE**

NOW COMES Third Party Defendant, **RICHARD CHEROSKE,** by **TEPPER, MANN &**

**INGERSOLL, P.C.,** his attorneys and for his Answer to the Third Party Action for Damages on

1

Guaranty of Lease Count I states as follows:

1.  That he admits the allegations of paragraph 1.

2.  That he denies the allegations of paragraph 2 for the reason that Third Party Plaintiff prays for $85,000.00 in Count I filed by it.

3.  That he denies the allegations of paragraph 3.

4.  That he admits the allegations of paragraph 4.

5.  That he admits the allegations of paragraph 5.

6.  That he denies the allegations of paragraph 6 but admits the following: Rent due on September 1, 2007 absent the factors as alleged in Plaintiff's complaint was $95,000.00. Further, Third Party Defendant admits that absent the factors as alleged in Plaintiff's Complaint, Third Party Plaintiff is liable for a portion of the 2006 real estate taxes. Third Party Defendant affirmatively avers that the amounts to Third Party Plaintiff under the Lease Agreement are more than offset by Plaintiff's damages as set out in its Complaint.

7.  That the Third Party Defendant admits that he executed a Guaranty of Lease and affirmatively avers that the agreements contained therein speak for themselves and denies the remaining allegations of paragraph 7.

## AFFIRMATIVE DEFENSE
## FRAUD IN THE INDUCEMENT

**NOW COMES** Third Party Defendant, **RICHARD CHEROSKE,** by **TEPPER, MANN & INGERSOLL, P.C.,** his attorneys and for his Affirmative Defense states as follows:

1.  The Plaintiff Gateway Studios, LLC is a Nevada LLC consisting of three managing members, each of whom is domiciled in and a citizen of California, and fourteen individual "A Share

Investors" consisting of twelve individual investors, each of whom are also citizens of and domiciled in California. The "A Share Investors" also include two non-individuals; Thesaurus, Inc. a California corporation with its principal place of business in California, and 15190 Appache Hills, LLC, whose sole owner is an individual, domiciled in and a citizen of California. Third Party Defendant is a managing member of Plaintiff.

2.	In December of 2005 a principal of Gateway, LLC received a letter from a real estate broker and began an investigation into the assignment of the ground lease of Premiere Inn motel and purchase of the motel business as described in Exhibit A attached to the Second Amended Complaint herein.

3.	Negotiations broke down, but again in approximately February of 2006, plaintiff, through its agents including Third Party Defendant, Richard Cheroske, began re-investigating rental with an option to purchase the business and to take an assignment of the ground lease described in Exhibit A attached to the Second Amended Complaint herein, and as part of their due diligence began an investigation of the condition of said premises, visually inspected and asked questions of defendants concerning the heating and cooling system.

4.	The above-described investigation disclosed no substantial problems with the heating and cooling system.

5.	Plaintiff and Third Party Defendant, also as part of their due diligence, examined the premises for signs of leakage from the roof and asked defendant's corporation through its agents whether or not there were any problems with the roof, and no problems were disclosed or visible.

6.	Based upon the foregoing investigation and a financial analysis of the business to determine feasibility of remodeling and converting premises from a motel to a long term stay motel,

plaintiff signed the attached Lease Agreement with Option to purchase which is Exhibit A to this Complaint and Third Party Defendant executed the Guaranty of Lease that is the subject matter of this Third Party Complaint.

  7.  Unknown to Plaintiff and Third Party Defendant, at the time of the investigation the heating system was not in fact functioning but was instead at or near failure and not reasonably functional for the following reasons:

    A.  The hot water pipe was substantially rotted out;

    B.  Heat exchange units and boilers were disconnected or non-functional;

  8.  Plaintiff and Third Party Defendant were not able to reasonably discover the aforedescribed deficiencies in the hot water heating system for the following reasons:

    A.  During the tour of the rooms conducted by defendants for the benefit of Plaintiff and Third Party Defendant a room for which examination by Plaintiffs and Third Party Defendant would have disclosed the condition of the pipes by virtue of broken out walls and inadequately patched plumbing was declared to be locked and unavailable because of an allegedly non-operating electronic lock, when said lock was actually functional and simply needed power to be actuated;

    B.  A guttering system was in place, which collected water dripping from corroded heating pipe and delivered that water to an out-of-sight drain so the leak would not be apparent on reasonable inspection;

    C.  Pipes were disconnected from the inside of a main heat exchanger/blower in such a way that an inspection of the blower made it appear to be attached to

the pipes and to be functional;

    D.    Plaintiff's agents and Third Party Defendant were told on numerous occasions by defendants that the heating system was fully operational;

    E.    Plaintiff's agents and Third Party Defendant were not shown a boiler which was accessible only from an outside door and was not visible from the inside tour, which boiler had been condemned and was not fit for use;

9.    In addition to the problems listed above with regard to the hot water heating system, the roof drainage system was substantially deficient in that the roof drains had been sealed several feet below the roof with concrete or a concrete-like substance so that water would not drain out off the roof but would instead pool on the roof and penetrate the building.

10.    The aforedisclosed problem with regard to the roof was not reasonably discoverable by the Plaintiffs and Third Party Defendant because:

    A.    Damaged and stained ceiling tile inside had been painted and/or replaced;

    B.    Between the roof and the suspended ceiling an elaborate system of gutters had been put in place by defendants for the purpose of catching water dripping through the roof and funneling it away to an unobtrusive drain in the building;

11.    Each and every action taken by the defendants as set out in paragraphs 11 and 13 was done intentionally for the purpose of allowing the facility to function just long enough for execution of the Lease, Option and Guaranty of Lease and to deceive Plaintiffs and Third Party Defendant and other prospective buyers.

12.    The aforedescribed actions of the Defendants were done for the purpose of and did in

fact induce Plaintiffs to sign the Lease and Option and Third Party Defendant to sign the Guaranty of Lease.

13. Plaintiff and Third Party Defendant were entitled to and did in fact rely on Defendants' representations and concealment for the purpose of evaluating the property and entering into the Lease with Option and Guaranty of Lease.

14. The above fraud was orchestrated by Defendant Rahmathullah Ariff on his own behalf and as officer and agent of Defendant MBA Enterprises-2, Inc..

15. Plaintiff and Third Party Defendant's reliance on the aforedescribed intentional acts of Defendants resulted in damages as follows:

   A. Physical damage to the building from penetration by water from the roof and leakage of water from crumbling heating pipes;

   B. Plaintiff had implemented a plan to repair the building where the above-described damage occurred to make that building ready to accept existing customers from other buildings on the premises, after which move the other buildings would be in turn repaired; but instead, the repairs and money spent by the plaintiff on said first building were for naught because of the subsequent and unknown damage caused by water infiltration and leakage;

   C. Plaintiff lost income due to the non-availability of rooms reasonably thought available for lease to the public at the time of execution of the Lease and Option;

   D. The value of the premises and thus the Option to purchase the premises is dramatically less than it appeared because of defendants' intentional actions;

16. Each and every one of the aforedescribed acts of the defendants was done maliciously,

intentionally and for the purpose of inducing Plaintiff and Third Party Defendant to enter into contracts to their detriment.

      **WHEREFORE,** Third Party Defendant, Richard Cheroske, prays that the Third Party Complaint be dismissed at Third Party Plaintiff's cost and for such other and further relief as the court deems necessary and proper.

      **RICHARD CHEROSKE,** Third Party Defendant

      **BY TEPPER, MANN & INGERSOLL, P.C.**

      **BY /s/ Arthur L. Mann**
         **One of His Attorneys**

**PROOF OF SERVICE**

Under the penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that a copy of the foregoing instrument was served upon the following parties at the addresses listed below by enclosing the same in an envelope addressed to such party at said address with postage fully prepaid and by depositing said envelope in a United States postal service mailbox in Urbana, Illinois at approximately 5:00 p.m. on the 13th **day of February, 2008.**

| | |
|---|---|
| Daniel Brown | John Bramfeld |
| Attorney at Law | Attorney at Law |
| 819 N. Sherman St. | 115 N. Neil St., Suite 101 |
| Danville, IL 61832 | Champaign, IL 61820 |

/s/ Arthur L. Mann

**BUSINESS ADDRESS:**
**ARTHUR L. MANN**
**TEPPER, MANN & INGERSOLL, P.C.**
**507 S. BROADWAY AVE.,**
**PO BOX 548**
**URBANA, IL 61803-0548**
**TELEPHONE: (217) 328-4300**