UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| GATEWAY STUDIOS, LLC.<br>　　　Plaintiff,<br>vs.<br><br>MBA ENTERPRISES-2, INC. and<br>RAHMATHULLAH ARIFF,<br>　　　Defendants.<br>_____ | Civil Action No. 07-2097<br><br>Demand for Jury Trial |
| MBA ENTERPRISES-2, INC.<br>　　　Counter Plaintiff,<br>vs.<br><br>GATEWAY STUDIOS, LLC.<br>　　　Counter Defendant.<br>_____ | |
| MBA ENTERPRISES-2, INC.<br>　　　Third Party Plaintiff,<br>vs.<br><br>RICHARD CHEROSKE,<br>　　　Third Party Defendant.<br>_____ | |

**ANSWER TO SECOND AMENDED COMPLAINT and COUNTER CLAIM FOR
DAMAGES AND POSSESSION OF REAL PROPERTY and
<u>THIRDY PARTY COMPLAINT AGAINST GUARANTOR</u>**

NOW COMES the Defendants, MBA Enterprises-2, Inc. and Rahmathullah Ariff, by and through, Attorney Daniel Brown, and in response to the Complaint filed in the above stated cause, hereby states as follows:

**COUNT I**

1. The Defendants have insufficient information to either admit or deny the allegation contained in Paragraph 1 and hereby demand strict proof thereof.

2.  The Defendants have insufficient information to either admit or deny the allegation contained in Paragraph 2 as it relates to the amount in controversy claimed by the Plaintiff exceeds $100,000.00.  However, as set forth herein, the Counter claim asserted by the Defendant against the Plaintiff exceeds $100,000.00.

3.  The Defendants admit the allegation contained in Paragraph 3.

4.  The Defendants have insufficient information to either admit or deny the allegation contained in Paragraph 4 and hereby demand strict proof thereof.

5.  The Defendants have insufficient information to either admit or deny the allegation contained in Paragraph 5 and hereby demand strict proof thereof.

6.  The Defendants admit that negotiation began again in approximately February 2006; the Defendant's deny that the Plaintiff began investigation of the condition of the premises in February 2006 and hereby affirmatively state that the Plaintiff, through its agents, began the visual inspection of the property in 2005.  The Defendants admit that during the negotiation process, there were discussions regarding the heating and cooling system.

7.  The Defendants have insufficient information to either admit or deny what the Plaintiff's investigation disclosed; the Defendant's affirmatively state that the Defendants disclosed the condition of the heating and cooling system during the negotiation process.

8.  The Defendants have insufficient information to either admit or deny if the Plaintiffs examined the premises for signs of leakage from the roof; the Defendants admit that there were discussions regarding the condition of the roof; the Defendants

deny that the Defendant failed to fully disclose the condition of the roof during the negotiation process.

9. The Defendants have insufficient information to either admit or deny the allegations contained in Paragraph 9 regarding the Plaintiff's financial analysis of converting the property to a long term stay hotel; the Defendants admit that the Plaintiff entered into the Lease Agreement and option to purchase attached to the Plaintiff's complaint.

10. The Defendants deny the allegations contained in paragraph 10 alleging that the heating system was not functional; the Defendants deny that the water pipes were substantial "rotted out"; the Defendants admit that the heating pipes had deteriorated from their original condition but further affirmatively state that this was fully disclosed to the Plaintiff; the Defendant admits that the heat exchange unit had been disconnected in approximately three rooms; the Defendant denies that the boiler was disconnected or non-functional.

11. The Defendants deny the allegations contained in paragraph 11 alleging the alleged deficiencies in the hot water heating system and further deny the specific allegation in each subparagraph in paragraph 11.

12. The Defendants deny the allegations contained in paragraph 12 re-alleging problems with the hot water heating system; The Defendants further deny the allegations contained in paragraph 12 alleging the roof drainage system was substantially deficient; the Defendants have insufficient knowledge to either admit or deny the allegation that the drains had been sealed several feet below the roof with

concrete or a concrete-like substance so that water would not drain out off the roof but would instead pool on the roof and penetrate the building.

13. The Defendants deny the allegations contained in paragraph 13 alleging problems in the roof system; the Defendants deny that the condition of the roof was not reasonably discoverable; the Defendants admit that in the years prior to negotiations with the Plaintiff, ceiling tiles were painted or replaced as part of the routine maintenance of the business operation; the Defendants admits that there was a gutter that had been installed by a prior operator of the business that at one time served to deflect moisture to a drain system; however, the Defendant's affirmatively state that the Plaintiff's observed this condition prior to entering into the lease agreement.

14. The Defendant denies the allegation contained in paragraph 14 and hereby demands strict proof thereof.

15. The Defendants deny the allegation contained in paragraph 15 and hereby demands strict proof thereof.

16. The Defendants deny the allegation contained in paragraph 16 and hereby demands strict proof thereof.

17. The Defendants deny the allegation contained in paragraph 17 and hereby demands strict proof thereof.

18. The Defendants deny the allegation contained in paragraph 18 and hereby demands strict proof thereof.

19. The Defendants deny the allegation contained in paragraph 19 and hereby demands strict proof thereof.

WHEREFORE, the Defendants, MBA Enterprises-2, Inc. and Rahmathullah Ariff, hereby respectfully move this Honorable Court for a judgment in their favor, for the cost of suit and for such other and further relief as the Court deems necessary and proper.

### COUNT II

1-19.  The Defendants hereby reassert their responses to Paragraph 1 through 19 in Count I as their response to Paragraphs 1 through 19 in Count II.

20.  The Defendants have insufficient information to either admit or deny the allegation contained in Paragraph 20 and hereby demand strict proof thereof.

21.  The Defendants neither admit nor deny the allegation contained in Paragraph 21 and hereby demand strict proof thereof.

22.  The Defendants deny the allegation in paragraph 21 and further deny that the Plaintiff is entitled to the relief sought in paragraph 22

WHEREFORE, the Defendants, MBA Enterprises-2, Inc. and Rahmathullah Ariff, hereby respectfully move this Honorable Court for a judgment in their favor, for the cost of suit and for such other and further relief as the Court deems necessary and proper.

### COUNT III

1-19.  The Defendants hereby reassert their responses to Paragraph 1 through 19 in Count I as their response to Paragraphs 1 through 19 in Count III.

20.  The Defendants admit that paragraph 20 identifies provisions of Illinois law; the Defendants deny that said provision have any application to this action.

21.  The Defendants admit that paragraph 21 identifies provisions of Illinois law; the Defendants deny that said provision have any application to this action.

22. The Defendants admit that paragraph 22 identifies provisions of Illinois law; the Defendants deny that said provision have any application to this action.

23. The Defendants admit that paragraph 23 identifies provisions of Illinois law; the Defendants deny that said provision have any application to this action.

24. The Defendants neither admit nor deny the allegation contained in Paragraph 24 and hereby demand strict proof thereof.

25. The Defendants deny the allegation contained in paragraph 25 and hereby demands strict proof thereof.

WHEREFORE, the Defendants, MBA Enterprises-2, Inc. and Rahmathullah Ariff, hereby respectfully move this Honorable Court for a judgment in their favor, for the cost of suit and for such other and further relief as the Court deems necessary and proper.

## COUNTER CLAIM FOR DAMAGES AND POSSESSION OF PREMISES

Now comes the Counter Plaintiff, MBA Enterprises-2, Inc, an Illinois Corporation, by and through its attorney, Daniel D. Brown, complaining against the Counter Defendant, Gateway Studios, LLC, a Nevada LLC, states as follows:

This Counter claim is brought seeking rent and possession of the premises occupied by the Counter Defendant, Gateway Studios, LLC, a Nevada LLC.  The Counter Defendant obtained possession of the premises on or about May 1, 2006, pursuant to a lease agreement dated April 14, 2006.  However, since November of 2006, the Counter Defendant has failed to comply with the terms of the agreement and has breached their

6

financial obligation to the Counter Plaintiff. The Counter Plaintiff seeks damages and possession of the premises.

## COUNT I -
### (Counter Claim for Damages/Rent)

1. This Court has jurisdiction of the subject matter of this action pursuant to diversity jurisdiction under 28 USC 1322(a)(1); pursuant to Illinois law, this counter claim would be required to be joined in this action.

2. The amount in controversy exceeds $100,000.00

3. That the Counter Plaintiff, MBA Enterprises-2, Inc, an Illinois Corporation, is and has been for some time entitled to possession of a parcel of property located at 1505 N. Neil, Champaign, Illinois, pursuant to a long term lease agreement.

3. That pursuant to the terms of an agreement with the Counter Plaintiff, MBA Enterprises-2, Inc, an Illinois Corporation, the Counter Defendant, Gateway Studios, LLC, a Nevada LLC, rented the aforesaid premises from the Counter Plaintiff for the amount of $9,500 per month, plus additional payments and consideration payable by the Counter Defendant. (See attached copy of Lease Agreement, attached hereto and marked as Exhibit A).

4. That the Counter Defendant is currently in possession of the premises.

5. The Counter Defendant has breach the terms of the aforesaid rental agreement in that the Counter Defendant has failed to pay the monthly rent obligation and further failed to satisfy their share of the real estate taxes due on the property. That there is currently due to the Counter Plaintiff rents totaling $104,000.00, through September 1, 2007, plus additional payments and consideration payable by the Counter Defendant for use and occupancy of the premises for the months the Counter Defendant has been in

possession of the aforesaid premises.  The Counter Defendant is further obligated to reimburse the Counter Plaintiff an amount in excess of $20,000.00 representing the Counter Defendant's share of the 2006 real estate taxes due during the 2007 year.

WHEREFORE, the Counter Plaintiff, MBA Enterprises-2, Inc, an Illinois Corporation, prays for judgment against the Counter Defendant, Gateway Studios, LLC, a Nevada LLC, in the amount of $124,000.00, plus the additional rents due from the Counter Defendant through the date the premises are surrendered to the Counter Plaintiff and further moves for such other and further relief as the court deems necessary and proper.

### COUNT II
### (Counter Claim seeking Possession)

Now comes the Counter Plaintiff, MBA Enterprises-2, Inc, an Illinois Corporation, by and through its attorney, Daniel D. Brown, complaining against the Counter Defendant, Gateway Studios, LLC, a Nevada LLC, states as follows:

1.  This Court has jurisdiction of the subject matter of this action pursuant to diversity jurisdiction under 28 USC 1322(a)(1); pursuant to Illinois law, this counter claim would be required to be joined in this action.

2.  The amount in controversy exceeds $100,000.00

3.  That the Counter Plaintiff, MBA Enterprises-2, Inc, an Illinois Corporation, is and has been for some time entitled to possession of a parcel of property located at 1505 N. Neil, Champaign, Illinois, pursuant to a long term lease agreement.

4.  That pursuant to the terms of an agreement with the Counter Plaintiff, MBA Enterprises-2, Inc, an Illinois Corporation, the Counter Defendant, Gateway Studios, LLC, a Nevada LLC, rented the aforesaid premises from the Counter Plaintiff for the

amount of $9,500 per month, plus additional payments and consideration payable by the Counter Defendant. (See attached copy of Lease Agreement, attached hereto and marked as Exhibit A).

    5.  That the Counter Defendant is currently in possession of the premises.

    6.  The Counter Defendant has breach the terms of the aforesaid rental agreement in that the Counter Defendant has failed to pay the monthly rent obligation and further failed to satisfy their share of the real estate taxes due on the property.  That there is currently due to the Counter Plaintiff rents totaling $104,000.00, through September 1, 2007, plus additional payments and consideration payable by the Counter Defendant for use and occupancy of the premises for the months the Counter Defendant has been in possession of the aforesaid premises.  The Counter Defendant is further obligated to reimburse the Counter Plaintiff an amount in excess of $20,000.00 representing the Counter Defendant's share of the 2006 real estate taxes due during the 2007 year.

    7.  That the Counter Defendant is currently in possession of the premises, and has refused to vacated the property contrary to the terms of the agreement referred to above and notice served by the Plaintiff.

    WHEREFORE, the Counter Plaintiff, MBA Enterprises-2, Inc, an Illinois Corporation, prays for judgment against the Counter Defendant, Gateway Studios, LLC, a Nevada LLC, for possession of the property referred to above and for such other and further relief as the court deems necessary and proper.

## THIRD PARTY ACTION FOR DAMAGES
## <u>ON GUARANTY OF LEASE</u>
### COUNT I

9

Now comes the Third Party Plaintiff, MBA Enterprises-2, Inc, an Illinois Corporation, by and through its attorney, Daniel D. Brown, complaining against the Third Party Defendant, Richard Cheroske, states as follows:

1.  This Court has jurisdiction of the subject matter of this action pursuant to the diversity jurisdiction of this Court under 28 USC 1322(a)(1); the Third Party Defendant is a resident and domiciled in the State of California; pursuant to Illinois law, this Third Party claim would be required to be joined in this action.

2.  The amount in controversy exceeds $100,000.00

3.  That the Third Party Plaintiff, MBA Enterprises-2, Inc, an Illinois Corporation, is and has been for some time entitled to possession of a parcel of property located at 1505 N. Neil, Champaign, Illinois, pursuant to a long term lease agreement.

4.  That pursuant to the terms of an agreement with the Counter Plaintiff, MBA Enterprises-2, Inc, an Illinois Corporation, the Counter Defendant, Gateway Studios, LLC, a Nevada LLC, rented the aforesaid premises from the Counter Plaintiff for the amount of $9,500 per month, plus additional payments and consideration payable by the Counter Defendant. (See attached copy of Lease Agreement, attached hereto and marked as Exhibit A).

5.  That the Counter Defendant is currently in possession of the premises.

6.  The Counter Defendant has breach the terms of the aforesaid rental agreement in that the Counter Defendant has failed to pay the monthly rent obligation and further failed to satisfy their share of the real estate taxes due on the property.  That there is currently due to the Counter Plaintiff rents totaling $104,000.00, through September 1, 2007, plus additional payments and consideration payable by the Counter Defendant for

use and occupancy of the premises for the months the Counter Defendant has been in possession of the aforesaid premises.  The Counter Defendant is further obligated to reimburse the Counter Plaintiff an amount in excess of $20,000.00 representing the Counter Defendant's share of the 2006 real estate taxes due during the 2007 year.

7.  That at the time the Third Party Plaintiff entered into the rental agreement with the Counter Defendant, as part of the consideration to entice the Third Party Plaintiff to enter into said rental agreement, the Third Party Defendant, Richard Cheroske, executed a "Guaranty of Lease".  Pursuant to the terms of said guaranty, the Third Party Defendant, Richard Cheroske, agreed to be personally responsible for the financial obligation owed to the Third Party Plaintiff in the event the Counter Defendant was in default on the terms of the Lease Agreement referred to herein.  Said personal guarantee also provided for the payment of attorney fees and cost incurred by the Third Party Plaintiff in enforcement of the terms of the Lease Agreement.

WHEREFORE, the Third Party Plaintiff, MBA Enterprises-2, Inc, an Illinois Corporation, prays for judgment against Richard Cheroske, in the amount of $85,000.00, plus the additional rents due from the Counter Defendant through the date the premises is surrender to the Counter Plaintiff and further moves for judgment for the attorney fees and const incurred by the Third Party Plaintiff in enforcing the terms of the Lease Agreement and further moves for such other and further relief as the court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Defendant, Counter Plaintiff and Third Party Plaintiff hereby request trial by jury on all counts and claims asserted and defended herein.

Respectfully submitted,
s/ Daniel D. Brown
Ill. Reg. Disc. #: 06187039
Attorney for Defendants, Counter Plaintiff and Third Party Plaintiff
Law Office of Daniel Brown
819 N. Sherman Street
Danville, Illinois  61832
Telephone No: (217) 446-4464
Fax No.: (217) 446-9135
E-mail:  dan.brown@danielbrownlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  John F. Bamfeld, Attorney for the Plaintiff; Arthur Mann, Attorney for the Third Party Defendant.

s/ Daniel D. Brown
Ill. Reg. Disc. #: 06187039
Attorney for Defendants, Counter Plaintiff and Third Party Plaintiff
Law Office of Daniel Brown
819 N. Sherman Street
Danville, Illinois  61832
Telephone No: (217) 446-4464
Fax No.: (217) 446-9135
E-mail:  dan.brown@danielbrownlaw.com